

# The Attorney General of Texas

May 10, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin. TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas. TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main. Suite 610
Houston. TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock. TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen. TX. 78501
512/682-4547

200 Main Plaza. Suite 400
San Antonio. TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Ben Z. Grant
Chairman
House Judiciary Committee
State Capitol
Austin, Texas 78711

Opinion No. H- 1165

Re: Use of public property or services for private benefit.

Dear Representative Grant:

The Judiciary Committee has requested an opinion as to whether:

1. an elected official, employee, or appointee of the State, County or Municipal Government can use for private profit or benefit to himself, any property, supplies, equipment, or other things of value belonging to the State, County or Municipalities, and

2. whether or not elected officials, employees or appointees of the State, County or Municipal Government can knowingly use or knowingly permit to be used for private profit to himself the labor or services of any person whose labor or services is paid for by the State, County or Municipal Government.

Your inquiry is prompted perhaps by the repeal of article 978o of the former Penal Code. This article expressly prohibited such official misconduct, assessing a maximum penalty of a one thousand dollar ($1,000) fine and two years imprisonment. This article was repealed with the passage of the current Penal Code. Acts 1973, 63rd Leg., ch. 399, § 3, at 993.

The misconduct about which you inquire is clearly prohibited by current law and there is no implication that the Legislature in repealing article 978o intended to lift criminal sanctions from such conduct. The Legislature consolidated such offenses under Penal Code chapter 31, which concerns theft.

Misappropriation of public property by public employees or officials for private benefit constitutes theft under section 31.03 of the Penal Code if there is intent to exercise unlawful control over property owned by the state or other governmental entity. Similarly, misuse of public labor or services for private benefit constitutes theft of service under section 31.04 of the Penal Code.

## SUMMARY

Use of public property, labor, or services by a public official or employee for private benefit constitutes the offense of theft.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst